# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM BRUCE MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:15-cv-1694-AKK** |
| JEFFERSON S. DUNN, ) | |
| COMMISSIONER, Alabama ) | |
| Department of Corrections ) | |
| ) | |
| Respondent. | |

## **MEMORANDUM OPINION AND ORDER**

This court denied in part William Bruce Marshall's petition for writ of habeas corpus under 28 U.S.C. § 2254. Marshall has moved to reconsider, alter, or amend portions of that judgment pursuant to Federal Rule of Civil Procedure 59(e). Doc. 68. Marshall contends that this court committed manifest error and abused its discretion in dismissing some of his claims.[1] *Id.* at 1-2, 20, 22, 26, 30-31. He also claims an intervening change in controlling law warrants reconsideration of Claim D. *Id.* at 27. Finally, Marshall asks for reconsideration of the denial of a certificate of appealability. *Id.* at 2. After careful consideration, the motion is due to be denied.

---

[1] Specifically, Claim A—an ineffective assistance of counsel claim, Claim B—a juror misconduct claim, Claim C—an Eighth Amendment claim based on the lethal injection protocol, Claim D—a Sixth Amendment claim, Claim E—another Eighth Amendment claim based on the death sentence, and Claim F—a Brady violation claim.

## I.

"Rule [59(e)] gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, __ U.S. __, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. N.H. Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)).[2] "A Rule 59(e) motion cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alterations omitted) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). The Eleventh Circuit has only recognized two "grounds for granting [a Rule 59] motion . . . newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343 (internal quotation marks omitted) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)); *see also PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287-88 (11th Cir. 2021). But, the Supreme Court has acknowledged that "courts may consider new arguments based on an 'intervening change in' in controlling law . . . ." *Banister*, 140 S. Ct. at 1703 n. 2.

---

[2] *See also Banister*, 140 S. Ct. at 1710 ("[A] Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal.").

## A.

Marshall's motion "is not based on newly-discovered evidence[,]" *Barber v. Dunn*, No. 5:16-CV-00473-RDP, 2019 WL 1979433, at *1 (N.D. Ala. May 3, 2019), or an "intervening change in controlling law[,]" *Banister*, 140 S. Ct. at 1703 n. 2; doc. 68 at 2-3, 25. Therefore, "the only [grounds] for granting it would be a manifest error of law or fact." *Barber*, 2019 WL 1979433, at *1. "A 'manifest error' is not just any error but one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Id.* (quoting *Error*, Black's Law Dictionary (10th ed. 2014)).

> Manifest error does not mean that one does not like the outcome of a case, or that one believes the court did not properly weigh the evidence. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir.1993) (noting that "mere disagreement does not support a Rule 59(e) motion"). . . . [Petitioner] has offered nothing even to suggest any error of this magnitude; he simply believes this court got it wrong the first time.

*Daughtry v. Army Fleet Support, LLC*, No. 1:11CV153-MHT, 2014 WL 466100, at *2 (M.D. Ala. Feb. 5, 2014). An "intervening change in controlling law" that "dictates a different result" must have occurred after the parties have concluded their briefing. *Pouyeh v. Univ. of Ala./Dep't of Ophthalmology,* 66 F. Supp. 3d 1375, 1378-79 (N.D. Ala. 2014).

**B.**

To determine if reconsideration is warranted, an overview of the standard of review applied in the first instance is necessary. As conditions precedent to federal review, the claim must be exhausted and not procedurally defaulted. *Medellin v. Dretke*, 544 U.S. 660, 666 (2005); *Woodford v. Ngo*, 548 U.S. 91, 92-93 (2006). So, prior to this court's initial review, Marshall must have presented and exhausted his claim in the state court, 28 U.S.C. § 2254(b)(1), and adhered to the required state court procedures in doing so, *see Woodford*, 548 U.S. at 92-93. If the claim is exhausted and not procedurally defaulted, the court must apply 28 U.S.C. § 2254(d) to determine if relief is warranted. Relevant here under § 2254(d)(1), a court may not grant habeas relief if "fairminded jurists could disagree" regarding the state court's decision. *Id.*; *Harrington v. Richter*, 562 U.S. 86, 101-02 (2011). This requires the habeas petitioner to show that the state court's decision was "objectively unreasonable." *Barber*, 2019 WL 1979433, at *1; *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So, "to succeed on his Rule 59(e) motion, [Marshall] must show that this court completely disregarded controlling law or credible evidence in concluding that the state court's adjudication of [Marshall's] claims did not transgress § 2254's highly deferential standard of review." *Barber*, 2019 WL 1979433, at *1.

## II.

In his motion for reconsideration, Marshall contends that the court erred in denying (1) his ineffective assistance of counsel claims with regard to trial counsel's failure to hire a forensic expert and failure to investigate Marshall's lease—Claim A, doc. 68 at 3-12; (2) his juror misconduct claim—Claim B, *id.* at 12-20; (3) his claim challenging the lethal injection protocol—Claim C, *id.* at 22-26; (4) his challenge to the state's imposition of the death sentence without a unanimous jury—Claim D, *id.* at 26-30; (5) his claim that the death sentence violates the Eighth Amendment—Claim E, *id.* at 30-31; and (6) his *Brady* violation claim—Claim F. Finally, Marshall seeks reconsideration of the denial of a certificate of appealability. *Id.* at 31-32. The court addresses each argument in turn.

### A.

Marshall's first issue related to the alleged ineffective assistance of his trial counsel is based on counsel's failure to hire a rebuttal forensic expert. Doc. 68 at 3-7. The State court held that trial counsel made a strategic choice that satisfied *Strickland*.[3] *Marshall v. State*, 182 So. 3d 573, 583-586 (Ala. Crim. App. 2014). This

---

[3] When Marshall originally raised this claim in state court, he was charged with showing trial counsel's actions were ineffective under the well-established *Strickland v. Washington*, 466 U.S. 668 (1984) standard. Under *Strickland*, the petitioner "must show that counsel's performance was deficient[,]" and that "the deficient performance prejudiced the defense." *Id.* at 687.

court found the State court's holding reasonable. Doc. 60 at 81-83. Marshall disagrees and argues the court erred by holding "a reasonable jurist could have found that trial counsel could follow a strategy that did not require the use of forensic experts." Doc. 68 at 3. Allegedly, counsel's decision was not strategic or reasonable because foregoing hiring a forensic rebuttal witness meant "the state was able to offer uncontroverted evidence of Mr. Marshall's allegedly sexually assaulting A.B." Doc. 68 at 4. Further, Marshall argues the court did not give proper weight to trial counsel's statement that he "may have just missed" hiring a forensic rebuttal witness. Doc. 68 at 4.

Marshall's contentions fail to show an error of Rule 59(e)'s demanding measure.[4] In fact, Marshall cites no cases that suggest this court erred, much less manifestly so. Doc. 68 at 3-7. Marshall's arguments primarily boil down to a disagreement over the weight the court gave to certain evidence. However, arguments that "the court did not properly weigh the evidence" do not rise to the level of a manifest error for reconsideration. *Daughtry*, 2014 WL 466100 at 2. Similarly, Marshall's other arguments, which are premised on his belief that the "court got it wrong the first time[,]" are also insufficient to meet the high bar for reconsideration. *Id.*

---

[4] Because Marshall's arguments for reconsideration of the deficiency prong analysis fail, the court declines to address Marshall's argument that his trial counsel's deficiency prejudiced him. Doc. 68 at 5.

Marshall's second contention of error related to his ineffective assistance claim is based on trial counsel's failure to produce the lease agreement or to challenge the alleged unlawful entry into his apartment unit. Doc. 68 at 7. Basically, Marshall alleges that law enforcement violated the Fourth Amendment by entering his home with only the consent of his ex-wife who was no longer a signatory to the lease. Doc. 7 at 37-38.[5] The State court found that Marshall could not show prejudice because Marshall "did not produce the alleged lease purporting to remove [his ex-wife] as tenant of the property—or any other evidence demonstrating that Tonya was no longer a tenant on the lease[.]" *Marshall*, 182 So. 3d at 587-77. The state court found also that there were "sufficient intervening circumstances that would have broken the causal connection between the allegedly illegal arrest and Marshall's confession[.]" *Marshall v. State*, 992 So. 2d 762, 769-70 (Ala. Crim. App. 2007).

When reviewing Marshall's petition, this court found that reasonable jurists could differ on whether the search violated the Fourth Amendment and whether the resulting confession would be suppressed. Doc. 60 at 88, 90. As Marshall sees it, the court's holding was "based on manifest errors of law and fact and has resulted in

---

[5] To prove an ineffective assistance claim based on a failure to assert a Fourth Amendment violation, the petitioner must first show that counsel's actions were deficient. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Next, he must show prejudice, which in this context requires establishing that the Fourth Amendment claim is meritorious and that "there is a reasonable probability that the verdict would have been different absent the excludable evidence . . . ." *Id.*

manifest injustice." Doc. 68 at 7. To support this contention, Marshall essentially notes his disagreement with this court's conclusions. *See* doc. 68 at 7-12. However, "mere disagreement does not support a Rule 59(e) motion." *Daughtry*, 2014 WL 466100 at 2 (internal quotations omitted).

**B.**

Marshall asks the court to reconsider the denial of his juror misconduct claim. *See* doc. 68 at 15, 12-20. The motion relies, however, on facts and arguments Marshall outlined in his petition and which the court has already considered. *See* docs. 7 at 42-45, 51; 68 at 13-17, 19. Therefore, because Marshall is improperly "seeking to relitigate issues that the court has already decided[,]" *Daughtry*, 2014 WL 466100, at *2, reconsideration is not warranted.

**C.**

Marshall seeks reconsideration of his claim that Alabama's lethal injection protocol "creates a demonstrated risk of severe pain [that is] constitutionally unacceptable [and] excessive and substantial when compared to known and available alternative methods of execution." Doc. 7 at 50-51. Marshall first raised this objection in his 2014 petition for certiorari. Doc. 60 at 101; 17 at 49. In support of his petition in this court, Marshall argued this claim was not defaulted procedurally because the protocol changed in September of 2014 and the claim "did not accrue until after [his]

8

Rule 32 hearing and the proceedings in the Court of Criminal Appeals." Doc. 17 at 49. The court denied Marshall's claim reasoning that he did not cite to a procedural default exception. Doc. 60 at 102. The court also held that a habeas proceeding was the incorrect forum to raise this challenge. *Id.*

In his motion for reconsideration, Marshall alleges a specific exception to the procedural default rule applies. Doc. 68 at 22-26. As stated earlier, "[a] Rule 59(e) motion cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Arthur*, 500 F.3d at 1343. Marshall had the opportunity to outline any procedural default exceptions in the first instance and failed to do so. He may not use a motion for reconsideration to do so now. The motion also fails because Marshall never addressed the court's secondary holding that this habeas proceeding is the incorrect mechanism for his challenge.

## D.

Marshall seeks reconsideration of his Sixth Amendment claim that is premised on his contention that his death sentence resulted from a non-unanimous jury verdict. Doc. 7 at 52-53. The State court found no constitutional violation and that "Marshall could have, but did not, challenge the constitutionality of 'Alabama's capital sentencing scheme' on [direct] appeal." *Marshall*, 182 So. 3d at 622. This court found

9

both of these findings reasonable, and that Marshall had procedurally defaulted the claim as a result. Doc. 60 at 104, 108-09.

In his motion to reconsider, Marshall contends this claim meets an exception to the procedural default rule. Doc. 68 at 26. However, Marshall failed to make this argument previously, and he may not use a Rule 59(e) motion to "raise argument[s] . . . that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (internal quotation marks omitted). Alternatively, reconsideration is still not warranted even if this claim was not procedurally defaulted. To begin, Marshall seeks reconsideration in part based on his contention that *Hurst v. Florida*, 577 U.S. 92 (2016), is an intervening change in controlling law. Doc. 68 at 27. *Hurst* is not new law, however, and was decided long before the conclusion of briefing in this case. And, for a petitioner to bring a motion to reconsider based on an intervening change in controlling law, the change must have occurred after briefing is concluded and is under review. *Pouyeh,* 66 F. Supp. 3d at 1378-79. Moreover, because *Hurst* does not apply retroactively to Marshall's case, the court disagrees with Marshall that the failure to consider *Hurst* "will result in manifest injustice to Mr. Marshall," doc. 68 at 26. As the court noted previously, it can consider *Hurst* "only to the extent it reflects an application and explication of the Supreme Court's holding in *Ring*." Doc. 60 at 105, n. 52 (internal quotations omitted); *see also Waldrop v. Comm'r, Ala. Dep't*

*of Corr.*, 711 F. App'x 900, 923 n. 6 (11th Cir. 2017*).* Marshall has not cited any Eleventh Circuit case holding otherwise. Doc. 68 at 29. And, as the court explained previously, "Marshall's jury unanimously found the facts that made him death-eligible beyond a reasonable doubt." Doc. 60 at 108. This is consistent with the "*Hurst* [holding] that the Sixth Amendment requires a state to base a death sentence 'on a jury's verdict, not a judge's factfinding.'" *Waldrop*, 711 F. App'x at 922 (quoting *Hurst*).

Finally, Marshall also cites the Court's decision in *Ramos v. Louisiana*, _ U.S. _, 140 S. Ct. 1390 (2020), in support of reconsideration. Doc. 68 at 29. Although Marshall's petition was still pending before this court when the Supreme Court issued *Ramos*, Marshall never filed a notice of supplemental authority to argue *Ramos* favors his petition. As such, *Ramos* does not qualify as an intervening change in controlling law.[6] *Pouyeh*, 66 F. Supp. 3d at 1378-79; *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 568 n. 3 (5th Cir. 2003).

---

[6] Moreover, this court's decision is consistent with *Ramos's* holding that "the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." 140 S. Ct. at 1397. The state jury unanimously found Marshall guilty of two crimes that included the aggravating factors necessary to sentence a defendant to death. Doc. 13, Vol. 6, R-15, 734-736; Ala. Code §§ 13A-5-45(e) & (f); 13A-5-59.

### E.

Marshall requests reconsideration of his claim that Alabama's lethal injection protocol violates the Eighth Amendment. Docs. 7 at 53-54; 68 at 30. In his motion, Marshall repeats his previous argument that "the death penalty itself is cruel and unusual punishment," based on its purported "serious unreliability, . . . arbitrariness . . . , and . . . unconscionably long delays[.]" Docs. 7 at 52-53 (internal quotations omitted); *accord* 68 at 30-31. The court rejected this argument, noting that "capital punishment is constitutional." Doc. 60 at 109 (quoting *Baze v. Rees*, 553 U.S. 35, 47 (2008)). The court declines to reconsider its decision solely because Marshall disagrees with it. *Daughtry*, 2014 WL 466100, at *2.

### F.

Marshall seeks reconsideration, doc. 68 at 20, of his claim that his "conviction and sentence are unconstitutional because the State withheld favorable material evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963)[,]" doc. 7 at 54. The court found that Marshall had failed to exhaust this claim in state court, and, alternatively, that "Marshall has failed to establish a *Brady* violation." Doc. 60 at 111. Marshall contends in his motion that the court did not properly weigh the evidence. *See* doc. 68 at 20-22. Such an argument falls short of showing the manifest error necessary for reconsideration. *See Daughtry*, 2014 WL 466100, at *2.

**G.**

Finally, Marshall asks the court to reconsider the denial of a certificate of appealability, stating only "[f]or all the reasons set out herein, Mr. Marshall has more than adequately shown that, at the very least, these issues are debatable." Docs. 68 at 31; 61. However, none of Marshall's arguments for reconsideration have merit, and his reliance on them is insufficient to warrant reconsideration.

**IV.**

To close, Marshall has not shown that the court committed manifest error when it denied the claims at issue. Further, there has been no intervening change in controlling law. Consequently, Marshall's Rule 59(e) Motion to Alter, Amend or Vacate, doc. 68, is **DENIED**. The court finds that Marshall's claims do not "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Finally, no "jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]." *Slack*, 529 U.S. at 484. Therefore, the court **DENIES** a certificate of appealability with regard to all claims. 28 U.S.C. § 2253(c).

**DONE** the 13th day of August, 2021.

                                          _____
                                              **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE